IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 10-2280 (JBS/KMW) |
| v. | : | **OPINION** |
| MORRIS PINSKY & MARGARETHA PINSKY, | : | |
| Defendants. | : | |

APPEARANCES:

Duston K. Barton, Esq.
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 227
Washington, DC 20044
     Counsel for Plaintiff

Robert E. Madden, Esq.
1725 Spruce Street
Philadelphia, Pa 19103
     Counsel for Defendant Margaretha Pinsky

**SIMANDLE**, District Judge:

I.  **INTRODUCTION**

     This personal income tax matter is before the Court on

Plaintiff's motion for default judgment against both Defendants,

Morris Pinsky and Margaretha Pinsky.  [Docket Item 6.]

Defendants are allegedly indebted to the United States in the

amount of $1,323,494.70 from many years of unpaid income taxes.

The United States seeks to reduce the tax assessments to

judgment, foreclose on the federal tax liens attached to certain

real property since 1999, and sell the real property subject to

the liens.  Defendants have failed to properly answer or
otherwise respond to the Complaint, but Margaretha Pinsky has
filed an untimely answer without leave of Court.  No opposition
to default judgment has been filed by Morris Pinsky.  The
principal issue is whether Margaretha Pinsky's belated answer —
offered without an explanation for the delay or an accompanying
motion to vacate default and offering only vague reference to the
innocent spouse defense — is a sufficient basis to show the good
cause necessary to vacate default and to avoid default judgment.
As explained below, the Court finds that Ms. Pinsky has failed to
show good cause for vacating the entry of default, and that
Plaintiff is entitled to default judgment.

## II.  BACKGROUND

Plaintiff filed the Complaint on May 5, 2010.  Defendants
were properly served shortly thereafter on May 19, 2010, and
failed to respond to the Complaint.  The Clerk entered default on
July 29, 2010.  On September 10, 2009, the United States moved
for default judgment against both Defendants.  [Docket Item 6.]

On September 22, 2010, after the period for opposition had
expired, Robert E. Madden, Esq., wrote to the Court indicating
that he had been retained by Margaretha Pinsky to defend the
action.  He stated that, "it is obvious that she should have been
give[n] innocen[t] spouse treatment," and requested that the

Court postpone entering default judgment until he had the opportunity to enter an appearance and file opposition.  [Docket Item 7.]  On September 29, 2010, Mr. Madden entered an appearance on behalf of Ms. Pinsky, and did nothing else.

Nearly three months later, Mr. Madden still had made no further filings.  He had not moved to set aside the entry of default nor filed opposition to the entry of default judgment. The Court, by letter dated December 20, 2010 [Docket Item 9], informed the parties that the default judgment motion would only be held in abeyance until January 5, 2011.  Upon receipt of a letter from Mr. Madden requesting yet more time, the Court, by letter dated January 7, 2011 [Docket Item 10], again enlarged Margaretha Pinsky's time to move to set aside default and oppose default judgment to January 19, 2011.[1]

On January 19, 2011, Mr. Madden filed an answer without

---

[1]  This Court was explicit in each of its letters to Mr. Madden in enlarging his time to move to set aside the default and to file opposition to default judgment.  The December 20 letter noted that, other than simply entering an appearance, "Mr. Madden has taken no further steps to defend his client.  More specifically, he has not filed a motion to set aside entry of default which had been entered against both defendants on July 29, 2010, nor has he filed opposition to the Government's default judgment motion."  [Docket Item 9.]  The Court warned Mr. Madden that "[t]he default judgment motion will be deemed unopposed by both defendants in the event that Mr. Madden does not move to set aside default and to oppose entry of default judgment as to defendant Margaretha Pinsky before January 5, 2011."  [Id.]  The Court thereafter again indulged Mr. Madden's delay and unavailability by enlarging the deadline to file a motion to set aside default and to submit his client's opposition to default judgment until January 19, 2011.  [Docket Item 10.]

leave of Court.  He did not move to set aside the entry of default.  And his opposition to default judgment consisted of a single sentence, stating, "Default Judgment should not be entered in this matter as Defendant Margaretha Pinsky has answered Plaintiff's Complaint and also asked for Innocen[t] Spouse Relief."  [Docket Item 12.]

Plaintiff urges that these circumstances present an insufficient basis upon which to vacate default, and contends that the Court should grant the motion for default judgment notwithstanding the improperly filed answer referring to the innocent spouse defense.

## III.  DISCUSSION

### A.  Applicable Standard

A party who fails to answer or otherwise plead to a Complaint within the allotted period of 21 days is subject to entry of default under Rule 55(a) of the Federal Rules of Civil Procedure.  The entry of default has serious consequences.  Once default has been entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  When the damages are for a sum certain, which is established by competent affidavit, default judgment may be entered without further proceedings.  Rule 55(b)(1), Fed. R.

Civ. P.

The Federal Rules of Civil Procedure provide that "the court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  The United States Court of Appeals for the Third Circuit "has adopted a policy disfavoring default judgments and encouraging decisions on the merits," though "the decision to vacate a default judgment is left to the sound discretion of the trial court."  Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988).  In exercising this discretion, the Court must consider (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable.  United States v. $ 55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).  Any doubts should be resolved in favor of setting aside the default and reaching a decision on the merits.  Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983).


**B. Analysis**

Defendant Morris Pinsky has not responded in any way to these proceedings.  He has no obvious meritorious defense, and therefore default judgment will be entered against him.

Despite having been given every reasonable indulgence from the Court, Defendant Margaretha Pinsky has also failed to move to

set aside the entry of default.  Instead, Ms. Pinsky has filed a

belated answer without leave of Court and offered a one-sentence

opposition to the entry of default judgment.  Even ignoring the

procedural impropriety of Ms. Pinsky's belated efforts and

looking to the content of the improper answer and the one-

sentence opposition for an argument as to good cause for vacating

the entry of default, Ms. Pinsky has not shown good cause for

vacating the entry of default.[2]

    Ms. Pinsky has made no effort to explain her dilatory

conduct which, given the Court's repeated indulgence of her

requests for more time without the production of any sustained

arguments on her behalf, increasingly appears to be a tactical

maneuver rather than simple neglect.  Ms. Pinsky also has not

provided any information from which the Court might evaluate the

prima facie merit of her innocent spouse defense.  It is

insufficient as a matter of law to simply mention a possible

defense available in this area of law.  Harad v. Aetna Cas. and

Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988) (requiring "that a

defendant seeking to set aside a default judgment set forth with

some specificity the grounds for his defense.").  The innocent

spouse defense requires that:

        (A) a joint return has been made for a taxable

---

    [2]  In conjunction with the Court's finding that default will
not be vacated, the untimely answer, filed without leave of
Court, will be stricken.

> year; (B) on such return there is an
> understatement of tax attributable to
> erroneous items of one individual filing the
> joint return; (C) the other individual filing
> the joint return establishes that in signing
> the return he or she did not know, and had no
> reason to know, that there was such
> understatement; (D) taking into account all
> the facts and circumstances, it is inequitable
> to hold the other individual liable for the
> deficiency in tax for such taxable year
> attributable to such understatement; and (E)
> the other individual elects (in such form as
> the Secretary may prescribe) the benefits of
> this subsection not later than the date which
> is 2 years after the date the Secretary has
> begun collection activities with respect to
> the individual making the election.

26 U.S.C. § 6015(b).  None of these necessary facts is apparent

for any of the taxable years from either the Complaint or Ms.

Pinsky's filings.[3]  Because the Court indulged Ms. Pinsky's

multiple requests for more time, the Court can only conclude that

Ms. Pinsky lacks any more information or argument in favor of

finding good cause to vacate default.

    Pursuant to the Third Circuit's policy disfavoring default

judgment, this Court is extremely reluctant to enter a default

judgment when a defendant has, though belatedly, responded to a

complaint.  But in this case, Ms. Pinsky has provided no basis

---

    [3]  The tax years at issue in the Complaint include each year
1992-2001 and 2005-2008.  (Compl. ¶ 8.)  Federal tax liens were
filed against the property in question with respect to each of
these same years, the first liens having been filed October 28,
1999 and the remainder filed on various dates through March 10,
2009.  (Compl. ¶ 17.)  Ms. Pinsky addresses none of the
circumstances of these tax assessments in any of these many
years.

for finding good cause to vacate default.  The mere existence of
an improperly-filed answer cannot be sufficient to vacate
default; were it so, defendants would have no incentive to comply
with the Court's rules or to avoid wasting the time and money of
plaintiffs, permitting them to ignore a complaint and later file
an "answer" at a time of their own choosing.

       There is no obvious prejudice to Plaintiff in this case
beyond the inevitable prejudice of aging evidence and increased
cost associated with delay.  But in this case, the lack of any
support for a meritorious defense and the abuse of this Court's
indulgence in granting Ms. Pinsky additional time to move to
vacate default and oppose default judgment are sufficient to
warrant default judgment.  See United States v. $55,518.05 in
U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) (holding that the
threshold issue in assessing default judgment is the presence of
a prima facie case for a meritorious defense).  Ms. Pinsky has
not "set forth with some specificity the grounds for [her]
defense," as required by Harad, 839 F.2d at 982.  Therefore, the
Court will not vacate default and will grant default judgment.

       The amount owed to the United States is a sum certain
supported by competent affidavit from Ms. Kathleen Settimi, a
Revenue Officer for the Internal Revenue Service.  [Docket Item
6-2.]  And the facts showing Plaintiff's entitlement to foreclose
on the real property described in the Complaint are taken as

true.  <u>See</u> <u>Comdyne I</u>, 908 F.2d at 1149.  This is a sufficient basis for default judgment under Rule 55(b)(1).


## IV.  CONCLUSION

Neither Defendant has shown good cause to vacate default in this case, and default judgment is warranted and sufficiently supported by the evidence.  The accompanying Order will be entered.


**March 31, 2011**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            United States District Judge